UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KARYSSA MARIE PACHECO, a single adult woman; FRANK XAVIER DAVALOS and JANE DOE DAVALOS; KITSAP COUNTY SHERIFF'S OFFICE; and SOUTH KITSAP SCHOOL DISTRICT #402,<br><br>　　　　　　　　Defendants. | Case No. 3:14-cv-05366-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING LEAVE TO AMEND COMPLAINT |

This matter comes before the Court on the filing of a motion for summary judgment brought by plaintiff Allstate Indemnity Company ("Allstate"). The parties have consented to have this matter heard by the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 73 and Local Rule MJR 13. After having reviewed Allstate's motion, defendant Frank Xavier Davalos's ("Davalos") response thereto and the remaining record, the Court finds Allstate's motion for summary judgment should be denied and Allstate should be granted leave to amend its complaint.

FACTUAL AND PROCEDURAL HISTORY

On November 1, 2013, an amended complaint for personal injuries, negligence, abuse, exploitation, and sexual assault was filed by defendant Karyssa Marie Pacheco ("Pacheco") in Kitsap County Superior Court. See ECF #21-1. In that complaint, Pacheco alleged that on or between January 2005 through January 2007, Davalos "did have repeated intentional unwanted

ORDER - 1

sexual contact with" her "while she was in her home and while in the [Kitsap County] Sheriffs' [sic] vehicle provided to . . . Davalos," and that such contact constituted sexual assaults. Id. at pp. 2-3. Plaintiff also alleged she "was sexually assaulted by . . . Davalos, as least once while he was taking her home from school," and defendant Kitsap School District #402 – for which Davalos "was the school resource officer" – "allowed [him] to take [Pacheco] home, even after [her] mother and . . . Davalos started a dissolution action." Id. at p. 3.

During the period at issue in Pacheco's complaint, January 2005 through January 2007, three homeowners insurance policies Allstate issued to Davalos were in effect. See ECF #21-2, #21-3, #21-4. Each policy provided in relevant part:

> 1. "**You**" or "**your**" – means the person named on the Policy Declarations as the insured and that person's resident spouse.
>
> . . .
>
> 3. "**Insured person(s)**" – means **you** and, if a resident of **your** household;
>    a) any relative; and
>    b) any dependent person in **your** care.
>
> . . .
>
> 4. "**Bodily Injury**" – means physical harm to the body . . .
>
> . . .
>
> 9. "**Occurrence**" – means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** . . .
>
> . . .
>
> *Insuring Agreement*
>
> . . .
>
> . . . The policy applies only to losses or **occurrences** that take place during the

ORDER - 2

policy period. . . .

. . .

*Coverage X*
*Family Liability Protection*

*Losses We Cover Under Coverage X:*
Subject to the terms, conditions and limitations of this policy, **Allstate** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** . . . arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent . . .

*Losses We Do Not Cover Under Coverage X:*
1.   **We** do not cover any **bodily injury** . . . intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**. This exclusion applies even if:
a)   such **bodily injury** . . . is of a different kind or degree than intended or reasonably expected; or
b)   such **bodily injury** . . . is sustained by a different person than intended or reasonably expected.

2.   **We** do not cover **bodily injury** to an **insured person** . . . whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

ECF #21-2, pp. 22-24, 42 (emphasis in original); see also ECF #21-3, pp. 16-18, 36 (emphasis in original); ECF #21-4, pp. 16-18, 36 (emphasis in original).

Pacheco's state court case was removed to this Court on November 8, 2013. See Pacheco v. Davalos et al, Case 3:13-cv-5972-BHS, ECF #1. On April 18, 2014, District Judge Benjamin H. Settle remanded the matter back to state court. See id. at ECF #42. On May 2, 2014, plaintiff filed a complaint for declaratory judgment with this Court, alleging the following:

### IV.   DECLARATORY JUDGMENT ACTION

16.   A justiciable controversy exists between the parties hereto.

ORDER - 3

> This controversy can be resolved by this Court through entry of its Judgment declaring the rights and liabilities of the parties alleged herein under the contracts of insurance alleged above.
> 17. There is no occurrence under the policy as acts constituting sexual abuse is not an occurrence.
> 18. The intentional and criminal acts exclusion in the Allstate policy excludes coverage for conduct based on either intentional or criminal acts.
> 19. For the time period that . . . Pacheco was residing with . . . Davalos she would be an insured person under the policy. The policy excludes coverage for bodily injury to an insured person whenever any benefit of this coverage would accrue directly or indirectly to an insured person.
> 20. The Court should enter a Judgment wholly in favor of Allstate declaring, adjudicating, and decreeing that Allstate is not obligated to provide coverage or a defense for . . . Davalos for the claims alleged in [Pacheco's c]omplaint under the insurance contract, for and to the extent said obligations are excluded by the contract of insurance, based on the allegations of [Pacheco's c]omplaint against . . . Davalos and [Pacheco's] status, residency and relationship to . . . Davalos.

ECF #1, p. 9. On September 10, 2014, plaintiff filed its motion for summary judgment, arguing the Court should declare "that there is no coverage or duty to defend for the claims made by . . . Pacheco," because Davalos's alleged acts of sexual assault "do not constitute an 'occurrence' as required by" the insurance policies, and because those acts "are intentional or criminal acts for which no coverage is provided." ECF #20, p. 2. On October 10, 2014, the day Allstate's motion for summary judgment was noted, Davalos filed his answer to Allstate's complaint, his response to the motion and an accompanying declaration. See ECF #23-#24.

## DISCUSSION

Summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In deciding whether summary judgment should be granted, the Court "must view the evidence in the light most favorable to the nonmoving party," and draw all inferences "in the light most favorable" to that party. T.W. Electrical Serv., Inc. v.

ORDER - 4

Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). When a summary judgment motion is supported as provided in Fed. R. Civ. P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his or her response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(e)(2).

If the nonmoving party does not so respond, summary judgment, if appropriate, shall be rendered against that party. See id. The moving party must demonstrate the absence of a genuine issue of fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude summary judgment. See California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." T.W. Electrical Serv., 809 F.2d at 630.

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." Id. Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" Id. (quoting Anderson, 477 U.S. at 290); see also California Architectural Building Products, Inc., 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990).

As noted above, Allstate seeks a declaration from this Court that it has no duty to cover

ORDER - 5

or defend Davalos against Pacheco's state court claims. "In a case of actual controversy within its jurisdiction," any federal court "may declare the rights and other legal relations of any interested party seeking such declaration." <u>American States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143 (9th Cir. 1994) (quoting 28 U.S.C. § 2201(a)). Because federal court "jurisdiction to award declaratory relief exists only in a case of actual controversy," however, this Court "[f]irst . . . must inquire whether there is a case of actual controversy within its jurisdiciton."[1] <u>Id.</u> "[T]his requirement is identical to Article III's constitutional case or controversy requirement." <u>Id.</u> (citation omitted); <u>see</u> also <u>Dizol</u>, 133 F.3d at 1222 ("A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution.").[2]

---

[1] Although Allstate does not address this jurisdictional issue in its motion, the Court finds it appropriate to do so. See <u>Moore v. State Farm Mutual Automobile Ins. Co.</u>, 2012 WL 6629567, *3 (D.Haw., Dec. 18, 2012) ("A district court has the 'unique and substantial discretion to decide whether to issue a declaratory judgment,' but is "under no compulsion to exercise that jurisdiction.'") (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 286 (1995); <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494 (1942)). As noted by the Ninth Circuit:

> . . . If the suit passes constitutional and statutory [jurisdictional] muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250, 73 S.Ct. 236, 243–44, 97 L.Ed. 291 (1952) (J. Reed, concurring). The Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates v. Rickover*, 369 U.S. 111, 112, 82 S.Ct. 580, 581–82, 7 L.Ed.2d 604 (1962).

<u>Government Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1223 (9th Cir. 1998).

[2] As succinctly explained by the district court for the District of Arizona:

> "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree ...." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* "If the defendant's actions cause the plaintiff to have a 'real and reasonable apprehension that he will be subject to liability,' the plaintiff has presented a justiciable case or controversy." *Spokane Indian Tribe v. United States*, 972 F.2d 1090 (9th Cir.1992).

<u>National Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Solutions, LLC</u>, 342 F.Supp.2d 853, 862 (D.Ariz. 2004).

ORDER - 6

"The party seeking the declaration bears the burden of establishing" the existence of an actual case or controversy. National Union, 342 F.Supp.2d at 861 (citing Cardinal Chem. v. Morton Int'l, 508 U.S. 83, 95 (1993)). "[A] dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies" the case or controversy requirement. Dizol, 133 F.3d at 1223 n.2. "[A]n insurer's declaratory judgment action regarding its duty to defend and indemnify [also is] sufficiently ripe, even when the underlying liability action in state court ha[s] not yet proceeded to judgment." Kearns, 15 F.3d at 144 ("case or controversy" exists where insurer seeks declaration regarding duty to defend and indemnify insured in pending state court liability lawsuit) (citing Maryland Casualty v. Pacific Coal & Oil Co., 312 U.S. 270 (1941)); see also Aetna Casualty and Surety Co. v. Merritt, 974 F.2d 1196, 1199 (9th Cir. 1992) ( "We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). Accordingly, Allstate properly may seek a declaration regarding its duty to defend and indemnify Pacheco in this Court, even though Pacheco's liability suit is still pending in state court.

In addition to the actual case or controversy requirement, however, "federal subject matter jurisdiction requirements must be satisfied" as well. National Union, 342 F.Supp.2d at 861 (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)); see also Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005) ("[T]he Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction."). "Subject matter jurisdiction, because it involves the [district] court's power to hear a case, can never be forfeited or waived." Doyle's Carolina 7, LLC v. Thurber, 2011 WL 1637416, *2 (D.Or., Mar. 7, 2011) (citing U.S. v. Cotton, 535 U.S. 625, 630 (2002)). As such, "[a]s a court of limited jurisdiction," this Court "must consider whether [subject matter] jurisdiction exists." Lopez v. Lassen Dairy,

ORDER - 7

Inc., 2010 WL 4705521, *2 (E.D.Cal., Nov. 12, 2010) (citing Southern Pacific Transportation Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir.1990)).

The Court, furthermore, has not only "an independent" but "a continuing obligation" to *sua sponte* assess whether it has subject matter jurisdiction, "even if the issue is neglected by the parties." Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts . . .have an independent obligation to determine whether subject-matter jurisdiction exists."); Eagle SPE NV I, Inc. v. Kiley Ranch Communities, 2014 WL 4635675, *2 (D.Nev., Sept. 15, 2014) ("[A] court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action.") (citing United States v. Moreno–Morillo, 334 F.3d 819, 830 (9th Cir.2003)).

If the plaintiff fails to "show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction," then the Court, "on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect can be corrected by amendment." Absher Const. Co. v. North Pacific Ins. Co., 2012 WL 13707, *7 n.9 (W.D.Wash., Jan. 3, 2012) (quoting Smith v. McCullough, 270 U.S. 456, 459 (1926)); see also Kanter v. Warner-Lambert Co., 265 F.3d 853, 858 (9th Cir. 2001) (agreeing with district court that plaintiff's defective jurisdictional allegations could potentially have been cured by amendment) (citing Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568 n.3 (2nd Cir. 2000) ("[A]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction.")); Wittmann v. City of Asotin, Wash., 2012 WL 1801741, *3 (E.D.Wash., May 16, 2012) (rejecting defendants' argument that outright dismissal for lack of subject matter jurisdiction was required, because "the Ninth Circuit permits courts to allow parties to cure jurisdictional defects by amendment even in cases where the original Complaint does not establish subject matter

ORDER - 8

jurisdiction") (citing <u>Tosco Corp. v. Cmtys. for a Better Env't</u>, 236 F.3d 495, 499 (9th Cir.2001) (quoting <u>Smith</u>, 270 U.S. at 459)); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Allstate asserts the Court has subject matter jurisdiction here based on diversity. The "essential elements of diversity jurisdiction" must be "affirmatively allege[d]," and "the burden of proving" diversity jurisdiction "is on the party asserting" it. <u>Mann v. City of Tucson, Dept. of Police</u>, 782 F.2d 790, 794 (9th Cir. 1986); <u>China Basin Properties, Ltd. v. One Pass, Inc.</u>, 812 F.Supp. 1038, 1039 (N.D.Cal. 1993) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182 (1936); <u>Mann</u>, 782 F.2d at 794); <u>Fenton v. Freedman</u>, 748 F.2d 1358, 1359 n. 1 (9th Cir.1984)); <u>see</u> also <u>Tosco</u>, 236 F.3d at 499 (plaintiff must show "existence of whatever is essential to federal jurisdiction"). Thus, diversity jurisdiction will not be found to exist "if the complaint fails to allege facts sufficient to establish" it. <u>Doyle's Carolina</u>, 2011 WL 1637416, at *2 (citing <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003)).

In those cases where subject matter jurisdiction is founded on diversity, there is both a diversity of citizenship and a "requisite amount in controversy" requirement. <u>National Union</u>, 342 F.Supp.2d 861 (citing 28 U.S.C. § 1332(a)). Under the diversity of citizenship requirement, "no plaintiff can be a citizen of the same state as any defendant." <u>China Basin</u>, 812 F.Supp. at 1039 (citing <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978); 28 U.S.C. § 1332). Further, citizenship is determined "at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced." <u>Mann</u>, 782 F.3d at 794 (citing <u>Smith v. Sperling</u>, 354 U.S. 91, 93 n.1 (1957)); <u>see</u> also <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 571 (2004) (jurisdiction dependent on party's condition as of commencement of lawsuit); <u>Lew v. Moss</u>, 797 F.2d 747, 750 (9th Cir. 1986) ("[T]he existence of domicile for

purposes of diversity is determined as of the time the lawsuit is filed.").

The requisite amount in controversy requirement will be met if it "exceeds the sum or value of $75,000, exclusive of interest and costs." See also Chey v. Orbitz Worldwide, Inc., 983 F.Supp.2d 1219, 1230 (D. Haw. 2013) (quoting 28 U.S.C. § 1332). Where the complaint is originally filed in federal court, generally the amount in controversy "is determined from the face of the pleadings, and 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id. (quoting Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir.2000) (quoting Budget Rent–A–Car, Inc. v. Higashiguchi, 109 F.3d 1471, 1473 (9th Cir.1997))); see also Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010); In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001). As explained by the Hawaii District Court:

> A "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger[ v. MGM Grand Hotel–Las Vegas, Inc*., 802 F.2d 362, 364 (9th Cir.1986)]. "Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* at 363. . . .

Chey, 983 F.Supp.2d at 1230. Plaintiff has the burden of showing "by the preponderance of the evidence" that "it does not appear to a legal certainty that [its] claims are for less than the required amount.'" In re Ford, 264 F.3d at 957; Chey, 983 F.Supp.2d at 1230 (quoting United States v. S. Pac. Transp. Co., 543 F.2d 676, 681 (9th Cir.1976) (citing Gibbs v. Buck, 307 U.S. 66, 72 (1939))).

Although he does not specifically raise the issue in his response to Allstate's motion for summary judgment, Davalos states in his answer to Allstate's complaint that he lacks sufficient

ORDER - 10

knowledge as to Allstate's assertion that it is an Illinois corporation, with its principle place of business in that state, and thus denies that assertion. See ECF #1, p. 2; ECF #23, p. 2. The Court thus takes this to be a challenge to Allstate's assertion of subject matter jurisdiction based on the diversity of the parties. An attack on subject matter jurisdiction:

> . . . may be either a facial or factual attack on jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.2004). In a facial attack, the defendant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In considering a facial attack, a court must take the allegations in the Complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* In a factual attack, on the other hand, the defendant challenges the truth of the allegations establishing federal jurisdiction. *Id.* Generally, in considering a factual attack, a court need not assume the truth of the plaintiff's allegations, . . . *Id.*

Hao v. Chen, 2010 WL 3910165, *2 (N.D.Cal., Oct. 5, 2010). Davalos's challenge amounts to a facial attack, as he has not presented any "affidavits or other evidence properly brought before the court" that would call into question the allegations of Allstate's citizenship made in the complaint. Wolfe, 392 F.3d at 362 (citations omitted); see also Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir.2003).

For diversity jurisdiction purposes, "[a] corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business." China Basin, 812 F.Supp. at 1040 (citing 28 U.S.C. § 1332(c)(1); Industrial Tectonics Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir.1990)). Allstate has "affirmatively and distinctly" alleged in its complaint the "essential elements of diversity jurisdiction" in regard to its own citizenship, by stating it is an Illinois corporation with its principle place of business in that state. Mann, 782 F.3d at 794; Industrial Tectonics, 912 F.2d at 1092; Absher, 2012 WL 13707, at *7 n.9; China Basin, 812 F.Supp. at 1039. Given that Davalos's challenge to Allstate's assertion of citizenship is facial, the allegations in the complaint in regard thereto are taken as true, and thus Allstate has met its

ORDER - 11

burden of establishing it is a citizen of Illinois. See D'Naegele v. Tonius, 320 F.ed. Appx. 550, *551, 2009 WL 766531, **1 (9th Cir., Mar. 10, 2009) (district court properly treated jurisdictional assertions included in amended complaint as truthful and construed all ambiguous jurisdictional assertions in light most favorable to finding of diversity) (citing Wah Chang v. Duke Energy Trading & Marketing, LLC, 507 F.3d 1222, 1224 n.1 (9th Cir. 2007)).

Davalos also mounts a facial challenge to Allstate's allegation in its complaint that "the requisite amount in controversy exceeds $75,000." ECF #1, p. 1. Specifically, Davalos asserts "there is nothing in the underlying [c]omplaint, much less any other pleading on file, which indicates and verifies the amount in controversy exceeds $75,000," but "[t]o the contrary, the underlying claims are not liquidated, and are contingent." ECF #25, p. 4. But as noted above, plaintiff's burden of proof is not to *verify* that the amount in controversy exceeds $75,000, but to show "it does not appear to a legal certainty that [its] claims are for less than" that amount. In re Ford, 264 F.3d at 957; Chey, 983 F.Supp.2d at 1230. Each of the insurance policies at issue in this case provide liability coverage of up to $500,000 for "each occurrence" for the relevant time period. See ECF #21-2, p. 8; ECF #21-3, p. 8; ECF #21-4, p. 8. Thus, even though Pacheco's underlying lawsuit has yet to be resolved – and therefore legal liability has yet to be assessed – the complaint in that lawsuit clearly seeks damages "in an amount that will fairly compensate" Pacheco, along with punitive damages (ECF #21-1, p. 5), which given the serious allegations of intentional infliction of harm made in that complaint and the liability coverage limits provided in the insurance policies, certainly could easily exceed the requisite jurisdictional amount in terms of Allstate's duty to provide coverage for Davalos.[3]

---

[3] Nor does there appear to be any "rule of law or limitation of damages [that] would make it virtually impossible for" Allstate "to meet the amount-in-controversy requirement." Chey, 983 F.Supp.2d at 1230 (quoting Pachinger, 802 F.2d at 364).

ORDER - 12

That being said, the Court finds *sua sponte* that Allstate has failed to meet its burden of affirmatively and distinctly pleading the existence of an essential aspect of diversity jurisdiction, namely the citizenship of Davalos and Pacheco. In its complaint, Allstate alleges both Davalos and Pacheco were "at all times pertinent to this lawsuit . . . residents of the State of Washington, residing in Kitsap County." ECF #1, p. 2. But "[i]n a diversity action, the plaintiff must state all parties' *citizenships* such that the existence of complete diversity can be confirmed." <u>Kanter</u>, 265 F.3d at 857 (citations omitted) (emphasis added). As the Ninth Circuit explained in regard to the defendant's failure to properly do so in <u>Kanter</u>:

> Plaintiffs' complaint and Pfizer's notice of removal both state that Plaintiffs were "residents" of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g., Weible v. United States*, 244 F.2d 158, 163 (9th Cir.1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, *see Lew*, 797 F.2d at 749, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.

<u>Id.</u> at 857-58; <u>see</u> <u>also</u> <u>Hao</u>, 2010 WL 3910165, at *3.

As did the plaintiff in <u>Kanter</u>, Allstate makes no allegations concerning the citizenship of Davalos or Pacheco, but rather merely refers to their residency. Since Allstate has the burden of proof here, its failure to specify that of Davalos and Pacheco is fatal to its assertion of diversity

ORDER - 13

jurisdiction. To be sure, some courts do "treat a person's residence as prima facie evidence of the person's domicile." Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013) (citing Anderson v. Watts, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary"); Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir.2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."); 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 & n. 28 (3d ed.2013) ("It is assumed that a person's current residence is also his domicile."). That seems not to be the case in this Circuit though. See Id. ("It does not appear that this circuit has yet adopted this presumption.").

The Ninth Circuit in Mondragon went on to state that it did "not think . . . that evidence of residency can never establish citizenship." Id. Indeed, "[a]s a general proposition, district courts are permitted to make reasonable inferences from facts in evidence," and "a court should consider 'the entire record' to determine whether evidence of residency can properly establish citizenship.'" Id. (quoting Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 800 (5th Cir. 2007)). Further, "the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." Id. Here, though, there is no evidence before the Court that Davalos and Pacheco are in fact domiciled in the State of Washington – as opposed to merely being residents thereof – such that their citizenship can reasonably be inferred therefrom. And as discussed above, Allstate merely refers to the residency of Davalos and Pacheco in its complaint, not their citizenship, thus preventing a finding of sufficient jurisdictional basis from the complaint itself.

Plaintiff, accordingly, has failed to establish the existence of subject matter jurisdiction in this case based on diversity. Nor may the Court exercise supplemental jurisdiction over the

ORDER - 14

remaining state law claims in this matter, as it is without original subject matter jurisdiction for the reasons just discussed. See Doyle's Carolina, 2011 WL 1637416, *3, *5 (distinguishing requirement that district court has original subject matter jurisdiction in first instance from its "discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction") (citing Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805-06 (9th Cir.2001); 28 U.S.C. § 1367). As discussed above, furthermore, plaintiff's complaint must be dismissed due to the failure to show the existence of complete diversity, "unless the defect can be corrected by amendment." Absher Const., 2012 WL 13707, at *7; see also Smith, 270 U.S. at 459; Kanter, 265 F.3d at 858; Tosco, 236 F.3d at 499; 28 U.S.C. § 1653.

"Leave to amend a pleading should be freely granted to correct or clarify an insufficient statement of the court's jurisdictional basis over the suit." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D.Va. 1994) (citing Medoil Corp. v. Clark, 753 F.Supp. 592, 596 (W.D.N.C.1990)); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'") (citation omitted); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend paty's pleading] when justice so requires."). This "applies with particular force when the amendment is sought to cure defective allegations concerning subject matter jurisdiction." Jacobi, 153 F.R.D. at 86 (citing Moll v. Southern Charters, Inc., 81 F.R.D. 77, 79 (E.D.N.Y.1979)). Given that none of the above factors for denying leave to amend appear to exist in this case, the Court finds it appropriate to allow Allstate the opportunity to do

ORDER - 15

so in regard to the jurisdictional defects discussed above.

## CONCLUSION

Because Allstate has not met its burden of showing there is complete diversity between the parties, the Court is without subject matter jurisdiction over this matter. Accordingly, Allstate's motion for summary judgment (see ECF #20) hereby is DENIED, with leave to file an amended complaint curing the above noted jurisdictional defects by **no later than November 21, 2014. Failure to file an amended complaint as directed herein, shall result in dismissal of Allstate's complaint and all claims contained therein.**

DATED this 22nd day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 16